**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JUDITH MARCIA WILLIAMS,

      Plaintiff,

v.                                                    Case No. 4:22-cv-436-MW-MJF

AL LAWSON, JR., *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil-rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Doc. 1 at 4. Because this civil action is frivolous and Plaintiff fails to state a claim upon which relief can be granted, the District Court should dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**I. FACTUAL BACKGROUND**

Although Plaintiff failed to comply with the instructions on the court-approved complaint form, it appears that Plaintiff names the following individuals as Defendants: (1) Governor Ron DeSantis; (2) Congressman Al Lawson, Jr.;

(3) Senator Rick Scott; (4) Senator "Lorraine Ausley"[1]; (5) Cynthia Barber "from City Hall"; and (6) Benita Casce. Doc. 1 at 1, 3, 5.

Plaintiff asserts that she is a "Royal Queen from the Hall Royal Family" of Canada and was "involved in the scandel [sic] that rock[ed] the country and this side of the world." *Id.* at 4. Over the past thirty or forty years, there has been a "contrack [sic] on [her] head." *Id.* She has almost been killed three times while living in Miami, Florida. *Id.* at 4, 6. She currently lives in Tallahassee, Florida. *Id.* at 4–5. She asserts that she is being harassed by the residents in Tallahassee, including by the "who's of who's," because she is disabled and does not associate with them. Doc. 1 at 5. Additionally, an individual named "Dennis Frederick Wing" threatened to break into Plaintiff's apartment if Plaintiff did not leave town or become "involve[d] with street life." *Id.*

Because she is a member of the "Hall Royal Family," Plaintiff sought an out-of-court settlement and diplomatic immunity from DeSantis, Scott, Ausley, and Lawson. *Id.* at 5–6. Plaintiff also requested assistance from Barber. *Id.* at 5. Lawson and Scott did not take Plaintiff seriously and hung up the phone. *Id.* at 5–6. Barber, DeSantis, and Ausley also did not provide any assistance to Plaintiff. Doc. 1 at 5.

---

[1] Plaintiff is inconsistent when she spells this Defendant's Christian name. She uses both "Lorraine" and "Lorrain." Doc. 1 at 1. Presumably, she is referring to former Florida State Senator Loranne Ausley.

Plaintiff does not identify any provision of the United States Constitution that these Defendants allegedly violated.[2] For relief, she seeks diplomatic immunity for herself and her former husband. *Id.* at 6. She also seeks the "highest financial settlement." *Id.*

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the court is required to review her complaint to determine if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Mehmood v. Guerrra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also must dismiss a complaint when "its factual allegations, on their face, establish an affirmative

---

[2] She also does not identify any federal or state law that Defendants allegedly violated.

defense that bars recovery." *Ingram v. Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022)

(citing *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)); *see Jones v. Bock*,

549 U.S. 199, 215 (2007). Further, a court may dismiss a claim as frivolous if the

claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S.

25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Carroll v. Gross*,

984 F.2d 392, 393 (11th Cir. 1993).

Courts "hold the allegations of a *pro se* complaint to less stringent standards

than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d

1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or

rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*,

981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

**A.      Plaintiff's Claims Are Frivolous**

A claim is factually frivolous when it lacks any arguable basis in fact. *Denton*,

504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Claims are frivolous as a factual matter

when they are based on fantastic, delusional, or incredible "facts." *Denton*, 504 U.S.

at 32–33; *Neitzke*, 490 U.S. at 328; *see Ashcroft*, 556 U.S. at 696 (noting that a claim

is factually baseless when the "allegations are sufficiently fantastic to defy reality as

we know it"). A claim is legally frivolous when it lacks an arguable basis in law.

*Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. A district court may dismiss a

claim for its frivolity when it "is based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim is frivolous as a matter of law if it asserts an "infringement of a legal interest which clearly does not exist." *Id.* at 327–28.

Plaintiff's claims that Defendants failed to give her an "out of court settlement" and that they failed to grant her diplomatic immunity are both legally and factually frivolous. *Demos v. U.S. Sec'y of Def.*, No. 1:12-cv-00407-GZS, 2013 WL 571800, at *2 (D. Me. Jan. 16, 2013) (describing a claim against "a raft of federal officials" that the plaintiff was entitled to diplomatic immunity as "nonsense"), *report and recommendation adopted*, No. 1:12-CV-407-GZS, 2013 WL 571799 (D. Me. Feb. 13, 2013); *Barrino v. Obama*, No. CIV. A 09-2040, 2009 WL 3535415, at *1 (D.D.C. Oct. 30, 2009). Because Plaintiff's complaint is frivolous, and she cannot cure this frivolity by an amendment of her complaint, the District Court should dismiss this civil action.

**B.     Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted**

There is yet another reason for the District Court to dismiss this action: Plaintiff failed to state a claim upon which relief can be granted. Plaintiff asserts that she is suing each Defendant in their individual and official capacities under 42 U.S.C. § 1983 and *Bivens*.

**1.** *Plaintiff's Individual-Capacity Claims*

To state a claim under section 1983, a Plaintiff must allege two essential elements: (1) a person, acting under the color of state law, (2) deprived her of a right protected under the Constitution or law of the United States. *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986). Similarly, a *Bivens* action requires the following essential elements: (1) the plaintiff suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of federal law. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

First, Plaintiff failed to identify whether Cynthia Barber and Benita Casce were acting under color of state law or under color of federal law. A private party cannot be sued under section 1983 or *Bivens. See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (noting that "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes"). This alone is a reason to dismiss Plaintiff's claims against Barber and Casce.[3]

---

[3] Notably, Plaintiff does not provide any details regarding Benita Casce. That is, in the Statement of Facts, she does not allege how this individual was involved in

Second, Plaintiff failed to allege sufficient facts from which the District Court could infer that any Defendant deprived Plaintiff of a constitutional or statutory right. Plaintiff claims that Defendants discriminated against her because they would not agree to an "out of court settlement," and did not grant her diplomatic immunity. These facts do not allow the court to plausibly infer that Defendants deprived Plaintiff of a constitutional or federal statutory right. Therefore, Plaintiff's individual-capacity section 1983 and *Biven* claims must be dismissed.

### 2. *Plaintiff's Official-Capacity Claims*

First as to the official-capacity claim against the state Defendants, the Eleventh Amendment bars her claim for monetary damages. The Eleventh Amendment is generally a bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacity, unless the state has consented to suit, Congress has abrogated the immunity, or the plaintiff proceeds under *Ex parte Young*.[4] *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Seminole Tribe of Fla. v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994) (citing *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)). The State of Florida has not waived immunity and Congress

---

harming Plaintiff. This alone violates Rule 8(a)(2), which required Plaintiff to provide a plain statement of the facts showing she is entitled to relief.

[4] Plaintiff has not sought any form of appropriate injunctive relief that would allow her to proceed under the *Ex parte Young* exception to the Eleventh Amendment.

has not expressly abrogated state immunity in section 1983 cases of this type. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits . . . [, and] Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). Plaintiff seeks monetary damages against several state officials in their official capacity. Because Congress has not abrogated Florida's Eleventh-Amendment immunity nor has Florida waived sovereign immunity, Plaintiff's official-capacity claims against the state officials must be dismissed.

Second, as to the federal actors in their official capacity, it is well settled that a plaintiff cannot maintain an official-capacity *Bivens* action against a federal actor. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–71 (2001). Therefore, Plaintiff's official-capacity *Bivens* claims also must be dismissed, as this defect cannot be cured by an amendment of Plaintiff's complaint.

## IV. CONCLUSION

Because Plaintiff's complaint is factually and legally frivolous and fails to state a claim upon which relief may be granted, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); and

2.    **DIRECT** the clerk of the court to terminate all pending motions and close this case file.

At Pensacola, Florida, this <u>14th</u> day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**